Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 416
San Jose, California 95113-2404
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
THEODORE EDWARD O'NEAL, SR.

FILED #1
E-FILING 2007 AUG -2 P 2: 42
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

THEODORE EDWARD O'NEAL, SR.,

   Plaintiff,

v.

NCO FINANCIAL SYSTEMS, INC., a
Pennsylvania corporation,

   Defendant.

Case No. C 07 03970 RS

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

15 United States Code § 1692 *et seq.*
California Civil Code § 1788 *et seq.*
California Civil Code § 1812.700 *et seq.*

Plaintiff, THEODORE EDWARD O'NEAL, SR. (hereinafter "Plaintiff"), based on information and belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff or his attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

### I. INTRODUCTION

1. This is an action for statutory damages, attorney fees and costs brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq.* (hereinafter "RFDCPA") which prohibit debt collectors from engaging in abusive, deceptive and unfair practices. Plaintiff also seeks statutory damages, attorney fees and costs for the Defendant's violation of Cal. Civil Code §§ 1812.700-1812.702.

### II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §

1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

3. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### III. VENUE

4. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that the Defendant transacts business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

### IV. INTRADISTRICT ASSIGNMENT

5. This lawsuit should be assigned to the San Jose Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara County.

### V. PARTIES

6. Plaintiff, THEODORE EDWARD O'NEAL, SR. (hereinafter "Plaintiff"), is a natural person residing in Santa Clara County, California. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

7. Defendant, NCO FINANCIAL SYSTEMS, INC., (hereinafter "NCO"), is a Pennsylvania corporation engaged in the business of collecting debts in this state with its principal place of business located at: 507 Prudential Road, Horsham, Pennsylvania 19044-2308. NCO may be served at the address of its Agent for Service of Process at: NCO Financial Systems, Inc., c/o CT Corporation System, 818 West 7th Street, Los Angeles, California 90017-3407. The principal purpose of NCO is the collection of debts using the mails and telephone, and NCO regularly attempts to collect debts alleged to be due another. NCO is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c). NCO is a third-party debt collector subject to the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

///

-2-
COMPLAINT

## VI. FACTUAL ALLEGATIONS

8.  On a date or dates unknown to Plaintiff, Plaintiff incurred a financial obligation, namely a consumer account for automobile insurance issued by the California State Automobile Association and bearing the account number XXXX815 (hereinafter "the debt"). The debt was incurred primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

9.  Sometime thereafter on a date unknown to Plaintiff, the debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff.

10. Thereafter, Defendant sent a collection letter (Exhibit "1") to Plaintiff which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

11. A true and accurate copy of the collection letter from Defendant to Plaintiff is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

12. The collection letter (Exhibit "1") is dated September 4, 2006.

13. The collection letter (Exhibit "1") was Defendant's first written notice initially addressed to Plaintiff in connection with collecting the alleged debt.

14. The collection letter (Exhibit "1") does not include the notice required by Cal. Civil Code § 1812.700(a).

15. Thereafter, on or about September 28, 2006, Defendant recorded the following automated message on Plaintiff's answering machine:

> Clear. We wish to speak with Theodore O'Neal about a personal business matter. Please call us toll free at 888-305-9715 and use ID code 1902815. That number again is 888-305-971 [beep] 5 and use ID code 19028 [pause] 15. Thank you. Goodbye.

16. On or about September 30, 2006, Defendant recorded the following message on Plaintiff's answering machine:

> Theodore Ord . . . Theodore O'Neal, my name is Reginald Banks. I do need you to return my call. My number here is 888-305-9715. Again, my number is 888-305-9715. Thank you.

17. On or about October 6, 2006, an employee of Defendant recorded the

following message on Plaintiff's answering machine:

> This confidential and important message is meant solely for Theodore O'Neal. The law require . . . my name is Susan. The law requires I notify you that I'm calling from NCO Financial Systems Incorporated, a debt collection company. This is an attempt to collect a debt. Any information obtained will be used for that purpose. Please call me back today at 1-888-305-9715. Refer to ID code 1902815. Thank you.

18. On or about October 12, 2006, one of Defendant's employees recorded the following automated message on the Plaintiff's answering machine:

> We need to speak with Theodore O'Neal about a personal business matter. Please call us toll free at 888-305-9715 and use ID code 1902815. That number again is 888-305-9715 and use ID code 1902815. Thank you. Goodbye.

19. On or about October 13, 2006, one of Defendant's employees recorded the following message on the Plaintiff's answering machine:

> This confidential and important message is meant solely for Theodore O'Neal. My name is Reginald Banks. The law requires me to notify you I'm calling with NCO Financial Systems, a debt collection company. This is an attempt to collection a debt. Any information obtained will be used for that purpose. Call me back today. 888-305-9715. When calling back refer to ID code 1902815. Thank you.

20. On or about October 20, 2006, one of Defendant's employees recorded the following message on the Plaintiff's answering machine:

> This confidential and important message is meant solely for Theodore O'Neal. My name is Susan. The law requires I notify you that I'm calling from NCO Financial Systems Incorporated, a debt collection company. This is an attempt to collect a debt. Any information obtained will be used for that purpose. Please call me back today at 888-305-9715 and refer to ID code 1902815. Thank you.

21. Defendant's answering machine messages were each a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

22. Defendant failed to disclose Defendant's identity and the nature of Defendant's business in the September 28, 2006, September 30, 2006, and October 12, 2006, answering machine messages, in violation of 15 U.S.C. § 1692d(6) and Cal. Civil Code § 1788.11(b). See *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F. Supp. 2d 1104, 1112, 1118 (C.D. Cal. 2005).

23. Defendant failed to disclose that the September 28, 2006, September 30, 2006, and October 12, 2006, answering machine messages were communications from a debt collector,

-4-
COMPLAINT

in violation of 15 U.S.C. § 1692e(11). See *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F. Supp. 2d 1104, 1116 (C.D. Cal. 2005); *Foti v. NCO Financial Systems, Inc.*, 424 F. Supp. 2d 643, 669 (S.D.N.Y. 2006).

## VII. CLAIMS

### FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff brings the first claim for relief against Defendant under the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

25. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 23 above.

26. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

27. Defendant, NCO, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

28. The financial obligation owed to California State Automobile Association by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

29. Defendant's answering machine messages described above violate the FDCPA. The violations include, but are not limited to, the following:

    a. Defendant failed to disclose Defendant's identity and the nature of Defendant's business, in violation of 15 U.S.C. § 1692d(6); and

    b. Defendant failed to disclose that the communications were from a debt collector, in violation of 15 U.S.C. § 1692e(11).

30. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

31. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

32. Plaintiff brings the second claim for relief against Defendant under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

33. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 31 above.

34. Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

35. Defendant, NCO, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

36. NCO is a third-party debt collector subject to the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.

37. The financial obligation owed by Plaintiff to the California State Automobile Association is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

38. Defendant's answering machine messages described above violate the RFDCPA. The violations include, but are not limited to, the following:

    a. Defendant failed to disclose Defendant's identity and the nature of Defendant's business, in violation of 15 U.S.C. § 1692d(6), as incorporated by Cal. Civil Code § 1788.17 and Cal. Civil Code § 1788.11(b); and

    b. Defendant failed to disclose that the communications were from a debt collector, in violation of 15 U.S.C. § 1692e(11), as incorporated by Cal. Civil Code § 1788.17.

39. Defendant has further violated the RFDCPA in the following respects:

    a. Defendant failed to include the "Consumer Collection Notice" required by Cal. Civil Code § 1812.700(a) in its first written notice initially addressed to Plaintiff.

40. Defendant's acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code § 1788.30(b).

41. As a result of the Defendant's willful and knowing violations of the RFDCPA,

the Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.30(b).

42. As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A), as incorporated by Cal. Civil Code § 1788.17.

43. As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to an award of his reasonable attorney's fees and costs pursuant to Cal. Civil Code § 1788.30(c) and 15 U.S.C. § 1692k(a)(3), as incorporated by Cal. Civil Code § 1788.17.

44. Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that the Plaintiff may have under any other provision of law.

## VIII. REQUEST FOR RELIEF

Plaintiff requests that this Court:

a. Assume jurisdiction in this proceeding;

b. Declare that Defendant's answering machine messages violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692d(5), 1692d(6) and 1692e(11);

c. Declare that Defendant's answering machine messages violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.11(b) and 1788.17;

d. Declare that Defendant's collection letter attached hereto as Exhibit "1" violates Cal. Civil Code § 1812.700(a) in that it does not contain the required "Consumer Disclosure Notice";

e. Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

f. Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000 pursuant to Cal. Civil Code § 1788.30(b);

g. Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A), as incorporated by Cal. Civil Code §1788.17;

1  h.  Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17 and 1788.30(c); and

i.  Award Plaintiff such other and further relief as may be just and proper.

CONSUMER LAW CENTER, INC.

By: /s/ Fred W. Schwinn
Fred W. Schwinn, Esq.
Attorney for Plaintiff
THEODORE EDWARD O'NEAL, SR.

### CERTIFICATION PURSUANT TO CIVIL L.R. 3-16

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, THEODORE EDWARD O'NEAL, SR., hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

Department 30
PO Box 15618
Wilmington, DE 19850-5618

**NCO FINANCIAL SYSTEMS INC**
2725 East Desert Inn Road
Suite 250
Las Vegas, NV 89121

888-305-9715
OFFICE HOURS:
8AM-7:30PM PST MON THRU THURSDAY
8AM-5PM PST FRIDAY
8AM-12PM PST SATURDAY

Personal & Confidential

0339-144

September 4, 2006

THEODORE ONEAL
7750 WREN AVE #I30
GILROY, CA 95020

| | |
|---|---|
| Principal: | 100.00 |
| Interest: | 0.00 |
| Fees: | 0.00 |
| Total: | 100.00 |

RE: CALIFORNIA STATE AUTO ASSOC - KU18381
    1902815

This letter has been sent to notify you that NCO Financial Systems, Inc. has received your account for collection from the creditor listed above. We have been instructed by the creditor to collect this account.

Mail your check or money order in the enclosed envelope.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that this debt or any portion thereof is disputed, this office will obtain verification of the debt or obtain a copy of a judgement, if any, and mail you a copy of such judgement or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

**EXHIBIT 1**

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This is a communication from a debt collector.

PLEASE RETURN THIS PORTION WITH YOUR PAYMENT (MAKE SURE ADDRESS SHOWS THROUGH WINDOW)

| Account # | Total Balance |
|---|---|
| 1902815 | $ 100.00 |

THEODORE ONEAL

Payment Amount

Calls to or from NCO Financial Systems, Inc. may be monitored or recorded for quality assurance.

Check here if your address has changed and print your new address in the space provided below.

$

Make Payment To:

NCO FINANCIAL SYSTEMS INC
P.O. BOX 15240
WILMINGTON, DE 19850-5240

NCO 201
144

0230019028151000000480000000000000100001

Department 30
PO Box 15618
Wilmington, DE 19850-5618

Personal & Confidential

THEODORE ONEAL
7750 WREN AVE #I30
GILROY, CA 95020

0339-144

GJAYAP1    95020

FIRST-CLASS

FIRST-CLASS MAIL
PRESORTED
US POSTAGE
PAID
PSC